JOHN B. DOLAN, APPELLANT, *v.* THE MAYOR, ETC., OF
THE CITY OF NEW YORK, RESPONDENT.

*Clerk of grand juries in city of New York — officer of county government — chapter*
*583 of 1871.*

The clerk of the grand juries of the Courts of Oyer and Terminer, and General
Sessions, in the county of New York, is an officer of the county government
within the meaning of that term as used in chapter 583 of 1871, authorizing
the board of apportionment thereby created "to regulate all salaries of officers
and employes of the city and county government."

*Quin v. The Mayor* (44 How., 266); *Landon v. The Mayor* (49 id., 218) dis-
tinguished.

APPEAL from a judgment recovered on the dismissal of the plain-
tiff's complaint at the Circuit.

*Briggs & Fellows*, for the appellant.

*Chas. P. Miller*, for the respondent.

DANIELS, J.:

The plaintiff was appointed clerk of the grand juries of the
Courts of Oyer and Terminer and General Sessions, in the county
of New York, about the 1st of April, 1869, and held and dis-
charged the duties of that position until the 28th day of February,
1873, when he was discharged by the district attorney. By
section 1 of the act to make further provision for the government
of the county of New York, which was passed, and went into
effect on the 26th of April, 1870, his salary from the first of the
preceding month of January was fixed at the sum of $3,000 per
annum (vol. 1, Laws of 1870, 878); and that salary was paid to him
from that time to the 1st day of July, 1871.

On the 19th of April, 1871, another act to make provision for
the local government of the city and county of New York was
passed and went into effect, by which the Mayor and Comptroller
of the city, the Commissioner of public works, and the President
of the department of public parks, were created a board of appor-
tionment, having power "to regulate all salaries of officers and

employes of the city and county government." (Vol. 2, Laws of 1871, 1270, § 3.) And this board, on the 19th of June, 1871, reduced the plaintiff's salary to the sum of $1,500 per annum, at which rate he was paid after the 1st of July, 1871, when the resolution making the reduction went into effect. After his dismissal from the employment the plaintiff commenced this action to recover the difference between the amount fixed by the act of 1870, and that to which his salary was reduced by the board of apportionment. In support of the right to maintain it, reliance has been placed upon the cases of *Quin* v. *The Mayor* (44 How., 266); *Landon* v. *The Mayor* (49 id., 218; 39 Superior Ct., 467); and *Whitmore* v. *The Mayor*, unreported. The first of these cases was that of a justice of one of the District Courts, and the others were prosecuted by a clerk and deputy clerk of the same courts. Those actions were sustained, because the persons suing were held to hold their offices under the judicial system of the State, and were not, for that reason, officers of the City or County of New York, within the signification of those terms, as they were used in the act of 1871. But the case of the plaintiff is very clearly distinguishable from those, in the circumstance that his position does not seem to have been an office in any appropriate sense of that term. But if it was, there seems to be good reason for holding it to have been an office of the county government. By statute the District Courts of the city of New York were made a portion of the judicial system of the State, and the district attorney was made an officer of the same system. (1 R. S. [5th ed.], 579, 580.) But the clerk of grand juries has been nowhere designated or declared to be such an officer. The employment appears to have been provided for by a resolution of the board of supervisors of the county, adopted in 1863. (Vol. 1, Hoffman's Laws, 411.) And the act of 1870, which advanced the salary to the sum of $3,000, could not have constitutionally contained that provision unless it had been an employment under the government of the county. That was an act whose subject was required to be expressed in its title, and that was declared to be to make provision for the government of the County of New York. If the plaintiff did not hold his position under the government of the county, the provision increasing his salary to $3,000 was unauthorized in that act, under the

prohibition of the Constitution relating to local acts. If he is right in that respect his salary was not constitutionally increased, and he cannot, consequently, complain of its reduction. But if it was properly advanced, it was because he was employed under the government of the county, and it could, for that reason, be incidentally done in an act to make provision for the county government. That must have been considered by the legislature that passed the act of 1870 to have been the character of the employment, and therefore a proper subject for legislation in an act providing for the county government. And it was clearly right in taking that view of the case. The employment was solely under the authority of the county, and that may be presumed to have been known to the legislature from the circumstance, that its remuneration was made a part of the subject of the act making provision for the county government. And, as it was within the power of the legislature to increase the plaintiff's compensation, as it did, in an act expressly passed to make provision for the local government of the county, it necessarily had the power to provide for its reduction in a similar act passed in 1871. That such was the intention of the last act clearly appears from its terms, for it was made to include, without exception, the salaries of all officers and employes of the city and county government. The plaintiff was one of those persons, and for that reason liable to be affected by the authority given to the board of apportionment in the reduction of the compensation previously fixed for his services. It so far qualified the preceding law of 1870 as to render the continuance of his salary subject to the action of that board. Both acts were special and local in their character, and, so far as the latter included the same subject-matter as the former, it superseded or repealed it by implication. (*Mongeon* v. *People*, 55 N. Y., 613.) The last act is not open to the objection made that it was an attempt to transfer the power of legislation to the board of apportionment. Nothing of that kind was designed. The second act so far modified the one preceding it as to deprive the plaintiff of an absolute right to the salary previously fixed, by rendering it dependent upon the future action of that board. And that could be done without encountering any constitutional objection. By both the acts together the plaintiff was entitled to the continued

payment of the salary of $3,000, only so long as the amount remained unchanged by the action of the board of apportionment. And there was nothing invalid or unusual in such a legislative provision; similar laws have been frequently made and observed without the least objection being suggested concerning their validity.

After the board acted under the authority given to it, by reducing the salary to the sum of $1,500, the plaintiff had no lawful right to any greater compensation. That amount he received before this action was commenced. For that reason his complaint was properly dismissed at the Circuit, and the judgment recovered by the defendant should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.